Nicholson, C. J.,
delivered the opinion of the court..
Tucker filed his petition’ for a writ of error coram. nobis, and obtained a supersedeas of a judgment ob *334 tained against him by James for $937; at the January term, 1868, of the Law Court of Memphis. The petition was dismissed, on motion, for insufficiency in its allegations, and judgment rendered against Tucker, from which he has appealed.
Various errors of facts are set forth in the petition, but it is sufficient for the determination of the ease •to refer to two only, and these two go to the question whether petitioner was prevented from making his defense by surprise or fraud without fault on his part.
It is alleged by the petitioner that some short time before the appearance term, James, the plaintiff in that •action, proposed to petitioner's counsel to take the deposition of Thornington, a witness for the plaintiff, who was about to leave the State. This was agreed to, and the deposition was taken by consent, and an agreement signed, that it should be read on the trial. The petitioner states that the testimony of the witness ■showed that the plaintiff, had no cause of action against petitioner. He further states that he thinks, but is not positively certain, that when the deposition was taken, plaintiff’s attorney had present the declaration in the case, and that petitioner’s attorney then and there filed, or placed in the hands of said attorney, with said declaration, a plea traversing and denying that petitioner owed, or was indebted to, said James. That this deposition and the other papers were delivered to, and taken charge of, by said James’s attorney, who promised to take care of them and file them in court; but that said attorney never did file said deposition in said case.
*335 Petitioner also states that his attorney called on James’s attorney several times in reference to filing the papers, and also called at the clerk’s office several times to see if the declaration and plea had been filed, and if so, to file a plea and make up the issue, if the plea already mentioned had not also been filed; but that James’s attorney not having filed the declation and plea and deposition, or any of them, he was hindered and prevented from filing said plea, or making up the issue. That petitioner’s attorney, from courtesy to plaintiff’s attorney, did not wish to dismiss the suit for want of prosecution, feeling sure that said plea was in the hands of said James’s attorney, or that he regarded the case as at issue after taking said deposition; but that James’s attorney, without entering apy motion on the motion docket, or giving petitioner’s attorney any notice, took judgment by default for want of a plea, — the declaration not having been filed until the 20th of August, 1867, and the judgment by default taken on the 8th of October, 1867.
Petitioner states that neither he nor his attorney had any knowledge that judgment by default had been obtained until after the judgment final was taken upon the writ of inquiry, the same having been taken after plaintiff’s attorney had made a motion to supply the original papers in the case, upon the allegation that they had been lost, which motion was however not acted on, but deferred by the court, and petitioner’s attorney supposed that the motion could not be acted on until the next term, — the court being then about to close its term. Yet, petitioner states that, after his *336 attorney had left for Nashville, under the belief that the papers would be supplied at the next term, plaintiff's attorney, without supplying the papers, called up the case out of its order, and had an inquest of damages executed by a jury, and in this way obtained a final judgment.
Upon the motion to dismiss the petition, all these allegations are taken to be true; and, beyond controversy, they made out a case of surprise at least, superinduced by the conduct of the plaintiff's attorney •in failing to file the deposition and plea of the petitioner according to his promise, and in taking judgment by default when he knew that the petitioner's attorney had furnished a plea, and intended to make defense: and then again in taking final judgment when the papers had not been supplied, and when petitioner’s attorney had left on necessary business under the belief produced by the court, that the preliminary motion would be disposed of at the next term.
But it is insisted that the petitioner’s attorney was in default in not taking advantage of the plaintiff's failure to file his declaration within three days, and then - again in not filing his plea after the declaration was filed, on the 20th of August, 1867, the judgment by default being taken on the 8th of October, 1867, the term lasting from the second Monday of June into October.
The answer of the petitioner is, that his attorney furnished the plaintiff’s attorney with a plea, and in-' trusted that and the deposition both to him, to be taken care of and filed, and that he had no right to *337 assume that these papers would be withheld or suppressed; and that if they had been filed, according to the agreement, no judgment, either by default or final, could have been taken, as the plea denied the indebtedness of the petitioner to the plaintiff, and the deposition, taken by consent and agreed to be filed, sustained the petitioner’s plea. Under such circumstances, it was not negligence in the petitioner’s attorney to rely upon the good faith of the plaintiff’s attorney, but it was fraud in the latter to take judgment, either by default or final, without producing and filing the plea and deposition.
In view of all the circumstances stated in the petition, we feel authorized to hold that the petitioner’s apparent negligence ought not to be visited on him as a fault; as it was superinduced by the misplaced confidence of his attorney in the promises of the plaintiff’s attorney.
The judgment dismissing the petition will be reversed and the case remanded.